IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARLES ALAN DAVIDSON | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-07-CV-1062-M |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Alan Davidson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1987, petitioner was released to parole after serving part of a 45-year sentence for murder. While on parole, petitioner was convicted in Pennsylvania of possessing child pornography. On February 26, 2003, the Texas parole board found that petitioner's Pennsylvania conviction violated the conditions of his release and revoked his parole. Petitioner challenged his parole revocation and the denial of certain sentence credits through the prison dispute resolution process and on collateral review in state court. The Texas Department of Criminal Justice ("TDCJ") denied his requests for administrative review and the Texas Court of Criminal Appeals denied post-conviction relief. Petitioner also challenged the consequences of his parole revocation and the calculation of his sentence in an application for writ of habeas corpus filed in the United States District Court for the

Southern District of Texas, the judicial district where he is incarcerated. The application was considered on the merits and dismissed with prejudice. *Davidson v. Dretke*, No. H-03-5296 (S.D. Tex. Nov. 28, 2003), *COA denied*, No. 04-20217 (5th Cir. Apr. 19, 2004).

Petitioner now seeks federal habeas relief for a second time on the grounds that: (1) the forfeiture of his sentence credits without a hearing violates due process; (2) his sentence has been extended beyond its expiration date; (3) his parole contract is illegal and was signed under duress; and (4) the forfeiture of previously earned sentence credits constitutes double jeopardy. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 7, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE